**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Ruth Ross, | No. CV-08-0701-PHX-MHM |
| Plaintiff, | **ORDER** |
| vs. |  |
| Lory Toon and David Toon, et al., |  |
| Defendant. |  |

Currently pending before the Court is Plaintiff/Counter-Defendant Ruth Ross' Motion to Strike Defendants/Counter-Claimants Memorandum in Support of Defendants Response to Plaintiff's Motion to Dismiss Defendants Counterclaim for Failure to State A Claim (Dkt.#9.), Defendants/Counter-Claimants Lory Toon and David Toon's Motion to Amend Title Only in Memorandum in Support of Defendant's Response to Plaintiff's Motion to Dismiss Defendant's Counterclaim for Failure to State a Claim (Dkt.#10.), and Plaintiff/Counter-defendant Ruth Ross' Second Motion to Strike. (Dkt.#12.)   After reviewing the pleadings and determining oral argument unnecessary, the Court issues the following Order.

On April 10, 2008 Defendants Lory and David Toon removed Plaintiff Ruth Ross' Complaint to federal court. (Dkt.#1.) On April 24, 2008, Ross answered the Toon's

1 Complaint and also lodged a counterclaim. (Dkt.#5.)  On May 14, 2008, Ross filed a
2 document with the Court which was styled as a Reply to the Toon's Counterclaim. (Dkt.#7.)
3 This document was a responsive pleading that answered the Toon's Counterclaim, and
4 therefore should have been properly labeled as "Answer to Defendant's Counterclaim."

5 Then, on May 19, 2008, the Toon's filed a document with the Court titled
6 "Memorandum in Support of Defendants Response to Plaintiff's Motion to Dismiss
7 Defendants Counterclaim for Failure to State a Claim." (Dkt.#8.)  Apparently, the Toons
8 were confused as to the nature of the previous document filed by Ross.

9 On May 21, 2008, Ross filed a Motion to Strike the Toons' "Memorandum in Support
10 of Defendants Response to Plaintiff's Motion to Dismiss Defendants Counterclaim for Failure
11 to State a Claim." (Dkt.#9.)  Ross argued that if the Toons were attempting to respond to
12 Ross' supposed 12(b)(6), they had no right to do so, since no such Motion had been filed
13 with the Court.  Ross also argued that to the extent the Toons were attempting to reply to her
14 Answer, such a procedural move was not permitted under the Federal Rules of Civil
15 Procedure unless a party is provided with specific leave from the Court to do so.

16 On May 22, 2008, in response to Ross' Motion to Strike, the Toons filed a document
17 styled as a "Motion to Amend Title Only in Memorandum in Support of Defendant's
18 Response to Plaintiff's Motion to Dismiss Defendant's Counterclaim for Failure to State a
19 Claim Pursuant to F.R.Civ.P. 15." (Dkt.#10.) Apparently, by filing this document the Toons
20 were attempting to cure the alleged deficiencies in their previous Memorandum in Support.
21 Unfortunately, it is altogether unclear how the amended document differs in any real sense
22 from the initial Memorandum.  That same day, the Toons filed another document with the
23 Court, this document is labeled as a "Response to Reply to Counterclaim." (Dkt.#11.) While
24 not explicitly mentioned by the Toons, this filing appears aimed at addressing Ross'
25 argument that the Toons had filed a responsive memorandum in opposition to a 12(b)(6)
26 Motion that did not yet exist.

27 On May 27, 2008, Ross filed a response in opposition to the Toon's Motion to Amend
28 (Dkt.#10.) and a Motion to Strike the Response to the Answer (Dkt.#11.).  (Dkt.#12.)

1  While this case seems to have an unnecessarily complicated procedural posture, 2 whatever problems that have been caused by the Parties unwieldily court filings can be easily 3 resolved. Indeed, procedurally speaking, this case is a rather straightforward dispute. 4 Initially, Ross (Plaintiff) filed suit against the Toons and others (Defendants). The Toons 5 then answered and counterclaimed against Ross. Ross was thereby entitled to serve her own 6 answer to rebut the counterclaims made by the Toons. She did that, albeit in the form of a 7 document styled as a reply. The Toons, who are a *pro se* parties before the Court, then 8 attempted to either reply to Ross' answer, file a Motion to have Ross' answer dismissed, or 9 in the mistaken belief that Ross' answer was the equivalent of a 12(b) motion attempted to 10 file a response brief. Whatever their motivation, the Federal Rules of Civil Procedure does 11 not permit for such a court to be filed under these circumstances. This is because Ross did 12 not file a Motion for which a response was due and a party is not ordinarily permitted to 13 lodge a reply to an Answer. Similarly, the Toon's later attempts to amend their filings were 14 also in error, since the amendments only changed the document from one impermissible form 15 (a response filed to a non-existing motion) to another (submitting a reply to an answer). No 16 type of amendment could save the Toons filings.  As such, docket numbers 8, 10, and 11 17 should be struck from the Court's record.

18  Lastly, it is worth noting that there is an insufficient basis for this Court to find that 19 the Toons filed these documents with the sole intent of harassing the opposing party or 20 unreasonably dragging out the proceedings, as Ross has alleged. Again the Toons are *pro* 21 *se*, and district courts typically provide *pro se* parties with a certain amount of additional 22 leeway than would otherwise be afforded to practicing attorneys. Nevertheless, as the Ninth 23 Circuit Court of Appeals has noted, "pro se litigants in the ordinary civil case should not be 24 treated more favorably than parties with attorneys of record." Jacobsen v. Filler, 790 F.2d 25 1362, 1364-65 (9th Cir. 1986). As such, this Court expects Toons, like other civil litigants, 26 to make efforts to comply with the Federal Rules of Civil Procedure.  It is therefore 27 appropriate for the Court to use this opportunity to refer the Toons to Rule 11 of the Federal 28 Rules of Civil Procedure, which prevents parties or their attorneys from filing documents

1 with the Court that are not taken in good faith and with the reasonable belief that the law or
2 facts support the moving party's position.

3 **Accordingly,**

4 **IT IS HEREBY ORDERED** granting Plaintiff Ruth Ross' two Motions to Strike,
5 (Dkt.# 9.).

6 **IT IS FURTHER ORDERED** denying Defendant Lorry and David Toon's Motion
7 to Amend Title Only in Memorandum in Support of Defendant's Response to Plaintiff's
8 Motion to Dismiss Defendant's Counterclaim for Failure to State a Claim Pursuant to
9 F.R.Civ.P. 15 (Dkt.#10).

10 **IT IS FURTHER ORDERED** directing the Clerk to strike from the record docket
11 numbers 8, 11, and 14.

12 DATED this 11th day of December, 2008.

Mary H. Murguia
United States District Judge