**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ruth Ross, | No. CV-08-701-PHX-MHM |
| Plaintiff, | **ORDER** |
| vs. | |
| Lory Toon, et al., | |
| Defendant. | |

Currently pending before the Court is Plaintiff/Counter-Defendant Ruth Ross' Motion to Remand (Dkt.#30.), and Motion for Ruling Request (Dkt.#42.), as well as Defendant/Counter-Claimant Lory Toon's Motion for an Automatic Stay and Notice of Filing Bankruptcy. (Dkt.#41.) After reviewing the pleadings and determining oral argument unnecessary, the Court issues the following Order.

**I.  BACKGROUND**

On April 10, 2008 Defendants Lory and David Toon removed Plaintiff Ruth Ross' Complaint to federal court. (Dkt.#1.) Ross asserts claims against David and Lory Toon, who are husband and wife, for fraud, breach of contract, conversion, identity theft, breach of the covenant of good faith and fair dealing, breach of fiduciary duty, and unjust enrichment. On April 24, 2008, David and Lory Toon answered Ross' Complaint, and at the same time Lory Toon asserted various counter-claims against Ross for defamation, intentional infliction of

emotional distress, negligent infliction of emotional distress, malice, harassment, and breach of contract. On January 5, 2009, Ross filed a motion to remand the case back to Arizona state court. On April 8, 2009, Lory Toon filed a notice with the Court that she had filed for bankruptcy in the Middle District of Florida. Ms. Toon has also made filings requesting the Court impose an automatic stay on the instant proceedings.

## II. THE EFFECT OF LORY TOON'S BANKRUPTCY FILING

11 U.S.C. § 362(a) automatically stays a wide array of collection and enforcement proceedings against the debtor and his or her property. The stay is self-executing and is effective upon the filing of the bankruptcy petition. See 11 U.S.C. § 362(a); In re The Minoco Group of Co., 799 F.2d 517, 520 (9th Cir. 1986). The scope of the automatic stay is set forth in a series of overlapping provisions in § 362(a). The stay bars the commencement or continuation of any judicial, administrative or other action against the debtor that was or could have been commenced before the commencement of the bankruptcy case or to recover a claim against the debtor that arose before the bankruptcy case. 11 U.S.C. 362(a).

In the instant case, Lory Toon has filed for bankruptcy, but her husband David Toon has not. Therefore, as a matter of course, Plaintiff Ross' claims against Lory Toon are subject to the automatic stay provision of 11 U.S.C. § 362(a), while Ross' claims against David Toon are not. With respect to the Counter-Complaint that has been filed against Ross, the Court notes that the claims contained in the Counter-Complaint have only been asserted by Lory Toon; David Toon does not appear to be a party to the Counter-Complaint. This is because the only parties that are named in the Counter-Complaint are Ruth Ross as Defendant and Lory Toon as Plaintiff. In fact, the document specifically states that "[f]or her counter complaint Toon alleges as follows;" in addition, the only Parties that are mentioned at all are Ruth Ross and Lory Toon. (See Dkt.#5, p. 6.) (emphasis added). Accordingly, since David Toon is not a counter-claimant, the Counter-Complaint in its entirety is also subject to the automatic stay provision of 11 U.S.C. § 362(a).

1    In light of Lory Toon's Florida bankruptcy filing, the only claims that may proceed forward in this case are Ruth Ross' claims against David Toon.

### III. RUTH ROSS' MOTION TO REMAND

The removal statute authorizes the defendant to remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). In other words, "[o]nly state court actions that originally could have been filed in federal court may be removed to federal court by the defendant." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). The party invoking the removal statute—generally the defendant— bears the burden of establishing federal jurisdiction. See Ethridge v. Harbor House Restaurant, 861 F.2d 1389, 1393 (9th Cir. 1988). Courts strictly construe the removal statute against removal. Id. Remand to state court is controlled by § 1447, which reads "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Section 1332(a) vests the district courts with "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $ 75,000, exclusive of interest and costs, and is between" diverse parties. See 28 U.S.C. § 1332(a). Despite the statute's silence, the Supreme Court has held that § 1332 requires complete diversity of citizenship. Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 553 (2005) ("In a case with multiple plaintiffs and multiple defendants, the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action.") (internal citations omitted). In order to establish citizenship in a state for the purpose of diversity jurisdiction, a person must (1) be a United States citizen, and (2) be domiciled in a State. Lew v. Moss, 797 F.2d 747, 749 (9th Cir. 1986).

A person's domicile is determined by that person's "permanent home, where she resides with intention to remain or to which she intends to return." Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). A person's domicile is distinct from residency. See Weible v. United States, 244 F.2d 158, 163 (9th Cir. 1957) ("Residence is physical, whereas

domicile is generally a compound of physical presence plus an intention to make a certain definite place one's permanent abode."). The Ninth Circuit has stated that the factors used to determine domicile are "current residence, voting registration and voting practices, location of personal and real property, location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, place of employment or business, driver's license and automobile registration, and payment of taxes." Lew, 797 F.2d at 750. The Ninth Circuit has also recognized that there is a "presumption in favor of an established domicile as against a newly acquired one." Id. at 751.

There is no dispute that the amount in controversy is over $75,000. The only issue before the Court with respect to the remand motion is whether there is a complete diversity of citizenship between Ross and David Toon: it is undisputed that the named Toon is a citizen of the State of Arizona. The more problematic inquiry relates to the citizenship of Ruth Ross.

Ross argues that remand is appropriate here because she is "stateless" for purposes of § 1332. Having moved to Iraq in 2004 as part of her employment as a civilian contractor with Kellogg Brown & Root, Inc. ("KBR"), Ross claims that she is not domiciled in any state. Ross argues that to the extent that she has a discernable domicile, it is in the country of Iraq.

In support of this contention, Ross cites to the U.S. Supreme Court case of Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826 (1989). In Newman-Green, the Supreme Court determined "an American citizen who lived overseas, fell within none of the statutory categories of parties over whom the federal courts may exercise diversity jurisdiction. Because he was not domiciled in any state, this defendant was 'stateless' for purposes of the diversity statute, and, under the strictures of § 1332, the plaintiff could not pursue an action in federal court against him." Lee v. Am. Nat'l Ins. Co., 260 F.3d 997, 1005 (9th Cir. 2001).

Like the "stateless" actor in Newman-Green, Ross contends that complete diversity of citizenship for purposes of § 1332 cannot be maintained on the facts here, because Ross has no discernable domicile in any specific state. See id. ("In order to be a citizen of a State

- 4 -

within the meaning of the diversity statute, a natural person must both be a citizen of the United States and be domiciled within the State.").[1] In her remand motion, Ross claims that since 2004 she has been almost continuously stationed in Iraq and has returned to the United States for only transient interruptions in her work schedule. Ross further claims that she owns property in Maricopa County, Arizona, which she has yet to live in, but that she intends to reside in her Arizona home once her work for KBR concludes. Ross also notes that while she has previously lived in California she has not registered to vote there; though Ross acknowledges that she maintains a bank account in California, but generally accesses it through the internet. Lastly, Ross alleges that upon her most recent return to the United States from Iraq in July 2008, she has been living with an acquaintance in Texas and that she will remain at this address until she returns to Iraq after receiving a new work assignment from her employer.

As a preliminary matter, because David Toon is a resident of the State of Arizona, in order to maintain diversity jurisdiction, it must be proven that Ross is domiciled in some specific state other than Arizona. Furthermore, as the Party invoking the Court's jurisdiction, David Toon bears the burden of demonstrating the existence of subject matter jurisdiction, by proving Ross' specific domicile.

Toon claims that the evidence presented supports an inference that Ross is domiciled in California, thereby meeting the requirement of complete diversity of citizenship between the Parties for purposes of diversity jurisdiction under § 1332. To support this contention, Toon points to the fact that Ross has a valid California drivers license which does not expire until 2010, and that she has registered two automobiles (a truck and a motorcycle) in California. Toon further maintains that Ross has an active bank account in California and

---

[1] Furthermore, although under § 1332 diversity jurisdiction also exists between citizens of a State and citizens or subjects of a foreign state, a United States citizen domiciled abroad is not an alien or foreign subject for purposes of diversity jurisdiction. Newman-Green, 490 U.S. at 828 ("Subsection 1332(a)(2), which confers jurisdiction in the District Court when a citizen of a State sues aliens only, also could not be satisfied because [defendant] is a United States citizen [living abroad].").

that she has used a California address on various KBR employment forms. Toon also alleges that Ross has filed at least one federal income tax document listing a California location as her home address, and that she has multiple children and grandchildren already living in California.

Ross has responded to Toon's allegation of a California domicile by claiming that the two vehicles in question actually belong to her friend, Bill Herron. According to Ross, the vehicles were registered in her name only because Herron was unemployed at the time of registration and was not creditworthy, and that by registering the vehicles in her name Ross was doing Herron a favor.[2] Ross also notes that one of the two vehicles is a motorcycle, and she has never held a drivers licence that would authorize her to operate a motorcycle. Ross also claims that Herron has been making payments on the vehicles. With respect to the California address, Ross contends that she was required to list an actual physical address on her KBR employment form and the address listed belongs to Herron, and Ross does not live on the premises. With respect to the fact that her children live in California, Ross contends that her children are all adults and do not require her supervision.

It is worth first noting that Ross' contention of being domiciled in Iraq is without merit. As previously stated, domicile means physical residency plus a showing of intent to reside at that location permanently. See Kanter, 265 F.3d at 857. Although Ross has worked as a civilian contractor in Iraq since 2004, she is not a citizen of Iraq and Ross has not expressed an intent to make that country her permanent home. Furthermore, it is not altogether clear that Ross would be legally permitted under the laws of either the United States or Iraq to make that country her permanent home, even if she so desired.

The question of where Ross is domiciled within the United States is a much more difficult issue. Certainly, Ross has ample connections to the State of California: her adult children live there, she has held a California issued drivers licence, a bank account, has

---

[2]Ross further contests the accuracy of the Toon's representations regarding the truck, which she claims has always been registered in the State of Texas and carries Texas license plates.

registered two vehicles in that state, has filed a federal tax return from there, and has even rented California property. At the same time, Ross has purchased a house in Arizona and has demonstrated a desire to permanently reside at this property upon the completion of her work obligations for KBR in Iraq. Also, Ross presently lives in Texas while awaiting a new assignment in Iraq. Because of the conflicting factual submissions that have been made to the Court, there is enough evidence for the Court to conclude that Ross is indeed "stateless," such that she lacks a discernable state in which she is domiciled for purposes of § 1332. In any event, it is not Ross' burden to prove a domicile. That task falls to the party who is invoking the Court's jurisdiction, David Toon. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) (the removing party bears the burden of establishing subject matter jurisdiction, and a court must presume lack of jurisdiction until that party establishes otherwise).

As such, Toon has not presented sufficient evidence for the Court to conclude that Ross either currently resides in California or that she intends to make California her permanent home. For that reason, the Court cannot conclude that its subject matter jurisdiction has been properly invoked in this matter. Therefore, the instant lawsuit shall be remanded back to the court of competent jurisdiction, which is Maricopa County Superior Court in the State of Arizona.

**Accordingly,**

**IT IS HEREBY ORDERED** granting Plaintiff's Motion to Remand. (Dkt.#30.)

**IT IS FURTHER ORDERED** denying as moot Plaintiff's Request for Ruling, or in the alternative, notice of readiness for Pretrial Conference. (Dkt.#42.)

**IT IS FURTHER ORDERED,** to the extent that it is consistent with this Order, granting Defendants' Motion for an Automatic Stay. (Dkt.#41.)

/ / /

1    **IT IS FURTHER ORDERED** directing the Clerk to remand the instant case back
2    to Maricopa County Superior Court.
3    DATED this 10th day of September, 2009.

_____
Mary H. Murguia
United States District Judge